[Crim. No. 2582. Second Appellate District, Division One.—December 11, 1934.]

THE PEOPLE, Respondent, v. THOMAS R. CLARK, Appellant.

Paul E. Tapley for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

YORK, J.—The defendant was accused by an information, containing two counts, of the crime of robbery and of the crime of kidnaping for the purpose of robbery. The jury brought in a verdict of guilty of the crime of robbery and a verdict of not guilty as to the crime of kidnaping for the purpose of robbery. This appeal is from the judgment and from the order denying defendant's motion for new trial.

The facts in this case are to the effect that a collector for the Safeway Grocery Company, at about the hour of 12 o'clock noon on January 10, 1934, was making his rounds in a Chevrolet coupe and had in the car seven hundred and fifty dollars, mostly in cash; that as he drove east on Foothill Boulevard near Baldwin Avenue just south of Sierra Madre, he was held up by two men driving a Ford car; that the passenger in the Ford car leveled a gun at him, demanding that he pull his car off the road and stop; that the robber then got into the Chevrolet car with the collector and ordered the latter to drive. After driving back and forth in the immediate vicinity of the scene of the holdup, the robber finally ordered the collector to get out of the car, "act natural, and crawl across that fence into that field". The collector did as he was ordered, whereupon the robber with the money in the car drove off to the Maddox ranch in Duarte, a distance of about three miles, where he abandoned the Chevrolet car and where it was later found and removed by deputy sheriffs.

During the interval when the collector was driving in the vicinity of the scene of the crime, a mustache which the robber was wearing fell off and while he was picking it up and again fastening it on, the collector was able to get a close-up view of the robber's face. When the car was found the mustache was in it but the money was missing. At the time of the trial, the collector identified the defendant as the man who held him up and at the point of

a gun forced him to get out of the Chevrolet car and crawl across the fence into the field.

In defense appellant sought to prove an alibi to the effect that he was employed by the civil works administration and that at the time of the commission of the crime, i. e., about 12 o'clock noon of January 10, 1934, he was working in the Little Santa Anita Wash on the outskirts of Sierra Madre, at a point about half a mile from Foothill Boulevard; that he went to work at noon and worked for five hours. Outside of his own testimony that he was working at noon of the day of the holdup, the only other evidence in corroboration is that of a fellow worker, who testified that defendant was working there after 12 o'clock; that he did not see him when he arrived, but that he saw him working on the job before 12:30; and the evidence of two timekeepers, who introduced their records to show that appellant worked five hours in the afternoon of the day of the holdup in the Little Santa Anita Wash. This latter evidence was somewhat uncertain, in that one of the timekeepers testified that he started checking in the men on the work before 12 o'clock and as a general rule he finished checking by a quarter after 12. However, the question of alibi was one for the jury to determine and it had before it evidence as to the distance from the scene of the crime to the job upon which appellant was working. The jury, after being properly instructed, found against the contention of the appellant and his witnesses, and having made its decision upon contradictory evidence, this court cannot interfere upon appeal.

Appellant claims the evidence was insufficient to support the verdict and that the court erred in the reception and rejection of certain evidence.

It is shown by the record that appellant was identified by the collector as the man who committed the robbery. Also, according to the testimony of the witness Norton, appellant was seen driving a Chevrolet car at 12:30 of that noon hour, near the Maddox ranch at Duarte, three miles from the scene of the holdup, and where the collector's car was later found. Appellant's first point is based at most upon a conflict in the evidence. We are of the opinion that the evidence is ample to support the verdict and the judgment.

746

■ As his second point, appellant contends that the introduction in evidence of the $175 found in his garage constituted reversible error, because no proper foundation was laid for its introduction, and further that it was not shown to have had any connection with the crime that was committed. The fact that defendant had the sum of $175 concealed in a can in his garage was in itself a peculiar circumstance, especially in connection with the fact that he was working upon a project of the civil works administration. ■ It is a fact of "political history", of which we may take judicial notice (Code Civ. Proc., sec. 1875, subd. 8), that this administration was established to provide work for indigent persons. Moreover, the defendant's statements to the police officers on two different occasions with reference to this $175 found in his garage, when taken in connection with all the surrounding circumstances, was a matter which we believe the jury was entitled to consider. There was evidence, which the jury was authorized to believe, which shows that these were false statements. The court did not err in overruling the objections of appellant to the reception in evidence of said money and the facts in relation thereto.

The judgment and order are affirmed.

Conrey, P. J., and Houser, J., concurred.